# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TANYA HALLER | : | Case No. 1:21-cv-431 |
| | : | |
| Plaintiff, | : | Judge _____ |
| | : | |
| v. | : | |
| | : | |
| DYSTAR HILTON DAVIS CORP | : | |
| CT CORPORATION SYSTEM | : | |
| 4400 Easton Commons Way, Suite 125 | : | |
| Columbus, OH 43219 | : | **COMPLAINT WITH JURY** |
| | : | **DEMAND ENDORSED HEREON** |
| | : | |
| Defendant. | : | |

Plaintiff Tanya Haller complaining of Defendant Dystar Hilton Davis Corporation alleges as follows:

## PARTIES

1. Plaintiff Tanya Haller is a citizen and resident of the state of Ohio.

2. Defendant Dystar Hilton Davis Corporation ("Dystar") is a corporation organized and operated under the laws of the State of Delaware. Defendant Dystar is an employer within the meaning of federal and state law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 because it arises under the laws of the United States.

4. Plaintiff's Count I arises under the Equal Pay Act 29 U.S.C. §206.

5. Venue is proper in the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. §1391(b) because a substantial part of the events given rise to these claims occurred in the Southern District of Ohio, Western Division.

## FACTUAL ALLEGATIONS

6. Plaintiff is a 60-year-old female.

7. Plaintiff began her employment with Defendant in July 2010 as a Lab Technician in the Quality Control Department.

8. Plaintiff was at all relevant times qualified for the position she held.

9. On June 30, 2020, Defendant notified Plaintiff of her "temporary layoff" from Dystar allegedly due to the coronavirus pandemic.

10. Plaintiff was the only employee in her department that was laid off.

11. All of Plaintiff's coworkers that Defendant chose to retain were significantly younger than Plaintiff.

12. Defendant never offered to return Plaintiff to work before the end of 2020.

13. In 2018, Defendant was placed on notice of female employees, including Plaintiff, being substantially underpaid by Dystar.

14. Plaintiff and her female colleagues were paid 62-75% less than their male counterparts in 2018.

15. Defendant did not attempt to increase Plaintiff's pay in 2018 when Dystar learned of the underpayment.

16. Plaintiff's pay increased slightly in 2019 and 2020, but she did not receive any kind of substantial raise over that period of time.

17. At the time of Plaintiff's termination, she continued to make at least 62% less than her male counterparts.

## COUNT I

### (Equal Pay Act - 29 U.S.C. § 206)

18. Plaintiff realleges the forgoing paragraphs as if fully rewritten herein.

19. Defendant compensated Plaintiff and other female employees at a substantially lower amount than that of their male counterparts.

20. Plaintiff and her male counterparts performed essentially the same job duties with no mitigating or differentiating factors that would substantiate paying Plaintiff's male counterparts significantly higher compensation.

21. Defendant's conduct violates the Equal Pay Act.

22. Defendant's above-described actions were fraudulent, malicious, wanton and willful, gross and egregious, exhibited a conscious disregard of the rights of Plaintiff, and had a great probability of causing substantial harm.

23. As a result of Defendant's discriminatory conduct, Plaintiff has been damaged and is entitled to compensation.

WHEREFORE, Plaintiff demands judgement against Defendant as follows:

(a) The Defendant be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be awarded all pay and benefits lost from Defendant;

(c) That Plaintiff be awarded liquidated damages as a result of Defendant's actions;

(d) That Plaintiff be awarded pre-judgement interest as a result of Defendant's actions;

(e) That Plaintiff be awarded reasonable attorney's fees and costs from Defendant;

  (f) That plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation over several, separate tax years; and

  (g) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ Katherine Daughtrey Neff
Katherine Daughtrey Neff (0082245)
Trial Attorney for Plaintiff
Freking, Myers, & Reul, LLC.
600 Vine Street, Ninth Floor
Cincinnati, Ohio 45202
PH: (513) 721-1975/ FX: (513) 651-2570
*kneff@fmr.law*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Katherine Daughtrey Neff