UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**TANYA HALLER,**

      **Plaintiff,**

  v.                         **Case No. 1:21-cv-431**
                              **JUDGE DOUGLAS R. COLE**

**DYSTAR HILTON DAVIS CORP.,**

      **Defendant.**

## ORDER

Tanya Haller alleges that her former employer, Defendant Dystar Hilton Davis Corporation (Dystar), discriminated against her both when it laid her off and by generally underpaying female employees, including her. (Am. Compl., Doc. 9). In this action, she sues Dystar for gender and age discrimination. (*Id.* at #31–33). After two extensions for the Court to extend the time to complete discovery, one of which the parties jointly requested (Doc. 20) and the other Haller requested (Doc. 23), discovery closed on July 14, 2023 (04/20/23 Not. Order (granting Haller's motion and requiring discovery to close by July 14, 2023)). Dispositive motions were set for August 11, 2023. (*Id.*). On August 10, however, Dystar moved to reopen discovery for the limited purpose of further investigating facts relating to Peggy Roundtree, a former Dystar employee who, just before discovery closed, provided what Dystar argues are confidential internal Dystar documents to Haller's counsel. (Motion, Doc. 27; Doc. 27-1 ¶ 7, #110). Specifically, Dystar wishes an opportunity to obtain various documents

from Roundtree and to obtain her deposition testimony regarding them. For the reasons briefly discussed below, the Court **GRANTS** the Motion. (Doc. 27).

## ANALYSIS

Parties must generally comply with the scheduling order that governs their case. That means, for example, that parties should comply with the case calendar in disclosing their witnesses (both fact and expert), completing discovery, and filing their dispositive motions. The purpose of a scheduling order, after all, is to provide an orderly way of moving the case from filing to disposition.

Sometimes, though, hiccups arise. A newly discovered witness may surface, or some other new evidence may come to light. Other times, the case simply may not proceed as quickly as the parties had anticipated. Often, the parties address these kinds of snags by conferring and then presenting to the Court a proposed agreed extension of the timeline for discovery. Or, if the parties cannot agree, one side may unilaterally move for such an extension. Indeed, both of those have happened here already. The Court extended the discovery period in this action twice—once based on the parties' joint request and once at Haller's behest. (01/06/23 Not. Order (granting joint request); 04/20/23 Not. Order (granting Haller's motion)). But both requests occurred while discovery was still open. In other words, the Court was *extending* discovery, not *reopening* it.

Now, in contrast, Dystar asks to reopen discovery. Such requests entail a somewhat different analysis. Dystar suggests that Rule 56(d) provides that framework. (Doc. 27, #105). The Court disagrees. As Haller correctly notes, (Opp'n.,

2

Doc. 29, #214), Rule 56(d) typically applies when a party *opposing* summary judgment contends it needs additional information to respond to the motion. Fed. R. Civ. P. 56(d) (referring to the "nonmovant"). Here, Dystar says it is seeking additional information to support its *own* upcoming motion for summary judgment. (Doc. 27, #105–06). So Rule 56(d) is a poor fit.

Rather than falling under Rule 56(d), requests to reopen discovery are directed to the Court's broad supervisory power to manage the pretrial process. And resolution of such requests "turn[s] on the consideration of five factors: (1) when [the party] learned of the issue; (2) how the discovery would affect the [case]; (3) the length of the discovery period; (4) whether [the party seeking to reopen discovery] was dilatory; and (5) whether [its counterpart] was responsive to discovery requests." *Fabiniak v. Wal-Mart Stores E., LP*, No. 22-3636, 2023 WL 2592358, at *2 (6th Cir. Mar. 22, 2023) (citing *Bentkowski v. Scene Mag.*, 637 F.3d 689, 696 (6th Cir. 2011))). "Put more simply, '[t]he overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery.'" *Fabiniak*, 2023 WL 2592358, at *2 (citation omitted).

Those five factors and the "overarching inquiry" favor granting Dystar's request here. Take them in order.

*First*, Dystar represents it learned of "the issue" (i.e., the existence of a new source, former employee Roundtree, of what appear to be previously undisclosed Dystar corporate documents) the day before discovery was set to close. (Doc. 27, #102).

3

*Second*, the documents seem to include information at least arguably relevant to Dystar's decision to terminate Haller—a key issue in this case. Then, there is the separate question of why Dystar itself did not produce these documents (if it did not). That issue may be intertwined with Dystar's desire to explore where Roundtree obtained these documents and whether they are authentic.

*Third*, the discovery period was of a normal duration here, and the requested additional discovery will not require a substantial extension. So, if this factor focuses either on the impact on the overall case schedule or on the delay in ultimate resolution, neither impact will be significant.

*Fourth*, the Court concludes that Dystar was not dilatory. As noted, Dystar learned of the issue the day before discovery was set to close. It then moved to reopen discovery within a month. Perhaps, it could have sought Court intervention more promptly. But the Court hesitates to deem filing for relief within a few weeks "dilatory." Indeed, shortening the timeframe too much may make parties hesitant to attempt to work things out themselves for fear that, if they cannot agree, the party later seeking relief from the court will find itself accused of undue delay. So this factor counts in Dystar's favor, as well.

*Fifth*, the Court must ask whether the non-moving party was responsive to discovery requests. This factor is presumably meant to suggest that it is more reasonable to reopen discovery if the non-moving party was recalcitrant in meeting its previous discovery obligations, and less reasonable to reopen discovery if not. But that factor strikes the Court as providing limited utility here, where Dystar is seeking

4

newly revealed third-party discovery. Accordingly, this factor does not affect the Court's analysis much.

That leaves the "overarching inquiry" that the five factors are meant to inform: "whether the moving party was diligent in pursuing discovery." *Fabiniak*, 2023 WL 2592358, at *2 (citation omitted). For the reasons outlined above, the Court concludes that Dystar has been diligent. It learned of the issue the day before discovery closed, and it moved for relief shortly thereafter. Moreover, given the limited discovery Dystar seeks, the prejudice to the Haller, the non-moving party, will be minimal—whether measured in terms of cost or delay.

## CONCLUSION

For the above reasons, the Court **GRANTS** the Motion to Reopen Discovery (Doc. 27) and **ORDERS** that discovery in this matter be reopened for thirty days for the limited purpose of obtaining documents from Roundtree and obtaining her deposition testimony regarding them. After that deposition is complete, the parties shall propose a new schedule for briefing on dispositive motions. If they cannot agree, they are **DIRECTED** to contact chambers to arrange a telephone status conference to discuss the issue.

**SO ORDERED.**

September 28, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**